UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EUGENE MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01509-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 11) |

Plaintiff Steven Eugene Moore is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed November 18, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

1

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff was transferred from Wasco State Prison to California State Prison, Corcoran prior to his hearing on the Rules Violation Report (RVR). Plaintiff informed officers of the situation and they said they did not care because Plaintiff disrespected one of them and didn't follow the rules. Plaintiff was sagging his pants and the officers go upset, so they issued Plaintiff an RVR and placed in administrative segregation. Plaintiff was then transferred against the rules and regulations set forth in the CDCR's operating procedures (Department Operational Manual or "DOM"). All RVRs must be heard within the same institution in which it was issued.

///

Officers at Corcoran proceeded with the RVR hearing and gave Plaintiff six months in the administrative segregation unit.  However, mental health professionals at the prior institution where the RVR was issued would not have given Plaintiff any time because it was believed that he was having a mental health breakdown.

Plaintiff seeks compensatory damages and to expunge the RVR from his prison records.

### III.

### DISCUSSION

#### A.     Violation of CDCR DOM

The mere existence of the DOM does not create a civil cause of action for violation of their terms. See, e.g., Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir.2009) ("state departmental regulations do not establish a federal *constitutional* violation"); Vasquez v. Tate, No. 1:10–cv–1876–JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012). The Court has found no authority for an implied private right of action for violation of the referenced provisions of the DOM, and Plaintiff has provided none. Thus, no independent claim for violation of these prison regulations exists.  Accordingly, even if Plaintiff could show a violation of prison regulations and the DOM, he has no right to state a claim for such violation. See Chappell v. Perrez, No. 2:09-cv-1465 GEB KJN P, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, No. 1:09-cv-02220-OWW-SMS (PC), 2011 WL 773046, *9 (E.D. Cal. February 28, 2011).  Since no such private right exists and because the Court has previously notified Plaintiff of his pleading deficiencies with leave to amend, and Plaintiff has not and cannot correct the defects, further leave to amend is denied as futile. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Vasquez v. Los Angeles County, 487 F.3d 1246, 1258 (9th Cir.2007) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend) (citation omitted)).

### IV.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 15, 2020**

UNITED STATES MAGISTRATE JUDGE